FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 28, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DUSTIN ALVIN ZUHLKE,<br><br>Defendant. | No. 4:18-CR-06028-EFS-1<br><br>ORDER GRANTING DEFENDANT'S MOTION TO REOPEN DETENTION HEARING AND SETTING CONDITIONS OF RELEASE<br><br>**ECF No. 81** |

**BEFORE THE COURT** is Defendant's Motion to Reopen Detention Hearing to Consider Conditions of Release (ECF No. 81). The Government opposes the Motion. On August 28, 2018, the Court reopened the detention hearing to consider Defendant's additional proffers and arguments of counsel. 18 U.S.C. § 3142(f). Defendant appeared, in custody, with his attorney Scott Johnson. Assistant United States Attorney Stephanie Van Marter represented the United States.

The Court has considered this additional information and evaluated the four

ORDER - 1

factors outlined in 18 U.S.C. § 3142(g) to decide whether there were conditions of release that would reasonably assure Defendant's appearance in court and the safety of the community: (1) the nature and circumstances of the offense; (2) the weight of evidence against Defendant; (3) the history and characteristics of Defendant; and (4) the nature and seriousness of the danger Defendant would present to the community if released. Due to the nature of the charges, there is a rebuttable presumption of detention.

The Court finds that these factors, as set forth orally by the Court, weigh in favor of Defendant's release on conditions.

The nature and circumstances of this offense are serious. Defendant is charged with conspiracy to distribute fentanyl pills and substantives counts of distribution of fentanyl. Defendant is alleged to have distributed approximately 1,500 fentanyl pills per week. A search warrant was executed at Defendant's home and law enforcement recovered two firearms, $30,000 in cash, $90,000 in cash in another location, fentanyl pills, and drug ledgers. Defendant is alleged to have taken three recent trips to Mexico. These charges are serious, as fentanyl is the most dangerous drug available in the community. Fentanyl is incredibly potent and it poses a risk to fentanyl users, people who reside with fentanyl users, and law enforcement officers who come into contact with fentanyl users. It has resulted in more than a dozen overdose deaths in the Tri-Cities area in the last 18 months.

However, Defendant's charges do not carry a mandatory minimum, which makes his case different than other fentanyl cases in this district.

Defendant has a limited criminal history. Defendant has a 2013 negligent driving conviction, for which work crew was imposed for a series of violations but probation was eventually closed. Defendant completed a deferral in a 2014 theft case, probation was closed in a 2014 hit and run case, and Defendant was convicted of third degree driving while license suspended in 2018. Defendant does have a history of failing to appear for court, including once in 2013 and twice in 2018. However, the Court finds that the imposition of an appearance bond along with other conditions can reasonably assure the safety of the community and Defendant's future appearance.

IT IS HEREBY ORDERED:

1. The Motion to Reopen Detention Hearing (ECF No. 81) is GRANTED.

2. If a party desires this Court to reconsider conditions of release because of material and newly discovered circumstances under 18 U.S.C. § 3142(f), that party shall file a motion with the court, served upon the United States Attorney, stating what circumstances are new, how they are established, and the requested change in conditions of release.

3. If a party seeks review of this Order by another court pursuant to 18

U.S.C. § 3145(b), counsel shall adhere to the Detention Order Review Protocol found in L.Cr.R. 46(k).

4. Defendant is bound over to Judge Edward F. Shea for further proceedings.

5. Defendant shall complete and sign A.O. Form 199C and, upon release, abide by the following conditions at all times:

## CONDITIONS OF RELEASE

1. Defendant shall not commit any offense in violation of federal, state or local law. Defendant shall advise the supervising Pretrial Services Officer and defense counsel within one business day of any charge, arrest, or contact with law enforcement. Defendant shall not work for the United States government or any federal or state law enforcement agency, unless Defendant first notifies the supervising Pretrial Services Officer in the captioned matter.

2. Defendant shall immediately advise the Court and the United States Attorney in writing before any change in address.

3. Defendant shall appear at all proceedings and surrender as directed for service of any sentence imposed.

4. Defendant shall sign and complete form A.O. 199C before being released and shall reside at the address furnished.

5. Defendant shall not possess a firearm, destructive device or any dangerous weapons.

6. Defendant shall report to the U.S. Probation/Pretrial Services office before or immediately after release and shall report as often as they direct, at such times and in such manner as they direct.

7. Defendant shall contact defense counsel at least once a week.

8. Defendant is further advised it is unlawful for any person who is under indictment for a crime punishable by imprisonment for a term exceeding one year, to possess, ship or transport in interstate or foreign commerce any firearm or ammunition or receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

9. Defendant shall refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner in conformance with Federal law. Defendant may not use or possess marijuana, regardless of whether Defendant has been authorized medical marijuana under state law.

10. Defendant shall surrender any passport to Pretrial Services and shall not apply for a new passport.

## SPECIAL CONDITIONS OF RELEASE

1. Defendant shall remain in the Eastern District of Washington unless given permission by the United States Probation/Pretrial Services Office.

2. Defendant shall notify the United States Probation/Pretrial Services Office within 24 hours of any change in address, telephone number, or employment.

3. Defendant shall avoid all contact, direct or indirect, with any codefendants or any persons who Defendant would reasonably know are or may become a victim or potential witness in the subject investigation or prosecution.

4. Defendant shall submit to a substance abuse evaluation and undergo any recommended substance abuse treatment as directed by the United States Probation/Pretrial services office.

5. Defendant shall abstain totally from the use of alcohol.

6. Defendant shall submit to random urinalysis and/or breathalyzer testing as directed by the United States Probation/Pretrial Services Office.

7. Defendant shall refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing which is required as a condition of release.

8. Defendant shall participate in a program of GPS confinement. Defendant shall wear, at all times, a GPS device under the supervision of U.S.

Probation. In the event Defendant does not respond to GPS monitoring or cannot be found, the U.S. Probation Office shall forthwith notify the United States Marshals' Service, who shall immediately find, arrest and detain the Defendant. Defendant shall pay all or part of the cost of the program based upon ability to pay as determined by the U.S. Probation Office.

9. Defendant shall be restricted to his residence at all times except for: attorney visits; court appearances; case-related matters; court-ordered obligations; or other activities as pre-approved by the Pretrial Services Office or supervising officer, including but not limited to employment, religious services, medical necessities, substance abuse testing or treatment, or mental health treatment.

10. Defendant shall execute a $75,000 appearance bond with 10% down. One of Defendant's parents shall co-sign the bond.

11. Defendant shall be released from custody at 8 a.m. the following business day after the percentage bond is posted for installation of location monitoring.

DATED August 28, 2018.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES MAGISTRATE JUDGE